The complainant, Benjamin Cohen, filed a bill for the dissolution of a partnership entered into by Benjamin Cohen, complainant, and Simon Sachs, defendant, under the trade name of Sachs Cohen, in the business of managing, operating and conducting a motion picture theatre in the town of Linden, county of Union and State of New Jersey. A receiver was appointed by this court and has since disposed of the business, and filed his report. The defendant appeared on the return day of the rule to show cause for the appointment of a receiver, and admitted the relationship between the parties. Later, the defendant asked leave to file an answer *Page 258 
to the bill, which was granted. Defendant set forth in his answer that there never existed a partnership, claiming that he was induced to enter into it through fraud.
From the testimony it appears that the parties became acquainted through a newspaper advertisement. They discussed a proposed partnership together. Then Sachs went to Linden and made full inquiries as to the business, the patronage, and so forth. Cohen gave Sachs a memorandum book which contained the daily income from the business. Sachs was also informed as to the running expenses. Then a partnership agreement was entered into — each was to advance $2,500.
Sachs could not do this, but said he would pay $1,000 and $1,500 in notes. It was finally agreed that when he paid all the notes in full he should have assigned to the partnership the lease for the property and security at $2,500.
The enterprise failed and Sachs alleged fraud — first, because complainant told him the net income was $200. Complainant denies this and the testimony bears him out. Second, it is alleged that Sachs was to receive $40 per week for his services. The testimony clearly shows that the business did not prosper as both parties apparently anticipated, and that Cohen offered to put in $500 if Sachs could do the same, which Sachs refused.Third, that complainant would assign certain securities and a lease upon the payment of all the promissory notes. Defendant claims that complainant was unable to make this assignment. Complainant insists that representations as to the future are not proof of fraud. It seems to me that it is unnecessary to decide either of these points. The reason is that Sachs never paid the notes which under the agreement was a condition precedent to the assignment of the securities.
I have carefully read the testimony in this case, taking it in its entirety. I cannot see that any fraud whatever has been proved as required by the decisions of our courts.
I will advise a decree dismissing the counter-claim. *Page 259